J-S22043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                                                         :

              v.                                          :
                                                         :

SHANE NELSON BUNTING          :
                                                         :

           Appellant                  :     No. 1450 MDA 2018

Appeal from the PCRA Order Entered August 17, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002591-2016

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:       **FILED: MAY 20, 2019**

Shane Nelson Bunting (Bunting) appeals from an order the Court of Common Pleas of Lancaster County (PCRA court) denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We take the following pertinent factual and procedural background from the PCRA court's December 13, 2018 opinion and our independent review of the certified record.  On January 31, 2017, Bunting pled guilty to Solicitation-Rape of a Child, 18 Pa.C.S. § 902(a), pursuant to a negotiated plea.  The same day, the court sentenced him according to the agreement's terms, to not less than five-and-one-half nor more than eleven years.  Consistent with the registration signed by Bunting, the sentencing court informed him that he was a lifetime registrant pursuant to the Sex Offender Registration and Notification

_____

\*   Retired Senior Judge assigned to the Superior Court.

Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.[1]  Bunting did not file a direct appeal.

On June 20, 2018, he filed a *pro se* "Motion to be Removed from SORNA as it is Punitive," which the court treated as a PCRA petition.  The PCRA court appointed counsel, who filed a ***Turner***/***Finley***[2] "no merit" letter and petition to withdraw, which the PCRA court granted.  The PCRA court denied Bunting's petition as untimely, with no exception to the one-year time bar pled or proven.  Bunting timely appealed.[3]  (***See*** PCRA Court Opinion, 12/13/18, at 3-4).  He and the court complied with the requirements of Rule 1925.  ***See*** Pa.R.A.P. 1925.

A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. § 9545(b)(1).  A judgment becomes final at the

_____

[1] Under SORNA, the sentencing judge is to inform the offender that he or she has to register under SORNA.  42 Pa.C.S. § 9799.20.  However, the sentencing court's failure to do so is irrelevant:  "Failure by the court to provide the information . . . to correctly inform . . . or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter."  42 Pa.C.S. § 9799.23(b)(1).  In fact, with limited exceptions, a court has "no authority to relieve a sexual offender from the duty to register . . . or to modify the requirements[.]"  42 Pa.C.S. § 9799.23(b)(2).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error."  ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

conclusion of direct review by this Court or the United States Supreme Court or at the expiration of the time for seeking such review. *See* 42 Pa.C.S. § 9545(b)(3). "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed[,]" unless an appellant pleads and proves a timeliness exception. ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted); *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[4] "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." ***Jones***, *supra* at 17 (citation omitted). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. *See Jones*, *supra* at 17 (citation omitted).

In this case, Bunting's judgment of sentence became final on March 2, 2017. Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Because Bunting's petition was filed on June

---

[4] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

20, 2018, it is untimely on its face and we lack jurisdiction to consider its merit unless he pleads and proves one of the statutory exceptions to the time bar.

Although Bunting argues that the court erred in denying his PCRA petition because SORNA is unconstitutionally punitive, (**see** Bunting's Brief, at v), we lack jurisdiction to consider this issue where he failed to either acknowledge the untimeliness of his petition or argue the applicability of a timeliness exception. (**See id.** at 1-15). Because he has failed to meet his burden of pleading and proving a timeliness exception, we lack jurisdiction to review the merits of his claim. **See Jones**, **supra** at 17.

Additionally, even if we were to ignore that his reliance on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018) is misplaced[5] because its holding does not apply to him, Bunting still is not due any relief.[6] (**See** PCRA Ct. Op., at 3). In fact, this

_____

[5] In **Muniz**, the Pennsylvania Supreme Court held that the retroactive application of SORNA's registration scheme to sexual offenders who committed their crimes before the SORNA's effective date violates Pennsylvania's *ex post facto* clause because of the scheme's punitive nature. **See Muniz**, **supra** at 1217. Muniz does not hold that SORNA is unconstitutional nor does it invalidate SORNA's registration requirements. It holds only that SORNA violates the *ex post facto* clause of the Pennsylvania Constitution when its provisions are applied retroactively. **See Commonwealth v. Hart**, 174 A.3d 660, 667 n.9 (Pa. Super. 2017).

[6] **Muniz** was decided on July 19, 2017. Therefore, Bunting failed to comply with the requirement that he file his petition within sixty days of the date when the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2); **Gamboa-Taylor**, **supra** at 783.

Court has expressly held that **Muniz** does not satisfy the requirements of Section 9545(b)(1)(iii). **See Commonwealth v. Greco**, ___ A.3d ___, 2019 WL 510129, at*4 (Pa. Super. filed Feb. 8, 2019).

There are two requirements for the applicability of the newly recognized constitutional right exception to the PCRA. "First, [42 Pa.C.S. § 9545(b)(1)(iii) requires] that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply "retroactively." **Commonwealth v. Murphy**, 180 A.3d 402, 405 (Pa. Super. 2018) (citation omitted).

In **Greco**, like Bunting, the appellant challenged the application of SORNA's registration provision on the basis of **Muniz** in an untimely PCRA petition. In considering the issue, "we acknowledge[d] that this Court has declared that '**Muniz** created a substantive rule that retroactively applies in the collateral context.'" **Greco**, **supra** at *4 (citing **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017)). We found, however, that

> because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [a]ppellant cannot rely on **Muniz** to meet that timeliness exception.

*Greco*, *supra* at *4 (citations omitted).

Based on the foregoing, Bunting failed to plead and prove the applicability of the newly discovered constitutional right exception by relying on *Muniz*.[7] Additionally, he has failed to establish any other timeliness exception. Therefore, we lack jurisdiction to consider the merits of his petition. *See Jones*, *supra* at 16-17. We affirm the PCRA court's order dismissing Bunting's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2019

---

[7] Moreover, as we noted previously, Bunting would be due no relief based on *Muniz*, even if it did satisfy the requirements of the timeliness exception, because *Muniz* is inapplicable to him. In *Muniz*, the Pennsylvania Supreme Court held that the **retroactive** application of SORNA's registration scheme to sexual offenders **who committed their crimes before the SORNA's effective date** violates Pennsylvania's *ex post facto* clause. SORNA's effective date was December 12, 2012. Bunting committed his crimes in 2015. Hence, the holding of *Muniz* does not apply to him because SORNA was not retroactively applied to him in violation of *ex post facto* provisions. *See Commonwealth v. Horning*, 193 A.3d 411, 417 (Pa. Super. 2018) (holding that critical inquiry for determining whether application of SORNA to a convicted sex offender violates *ex post facto* prohibitions is the date of the offense).